**Sheridan L. McGARRY, Plaintiff,**

v.

**Stewart L. UDALL, Secretary of the Department of the Interior, Defendant.**

**Civ. A. No. 1262–62.**

United States District Court
District of Columbia.

Aug. 14, 1962.

Samsonite travel bag which contained certain currency described above.

–2–

Sheridan L. McGarry, pro se, Salt Lake City, Utah, Richard Henry Speidel, Washington, D. C., for plaintiff.

Ralph S. Boyd, Atty., Dept. of Justice, Washington, D. C., for defendant.

TAMM, District Judge.

This case comes before the Court upon cross motions by plaintiff and defendant for summary judgment.

The facts in this case are summarized briefly. The lessee of certain government-owned oil lands made an assignment of a portion of the lease shortly before the lease was due to terminate. Under applicable statutes such an assignment gives the assignee a two year extension of the part of the lease assigned to him. If the annual rental payment is not paid by the assignee before the anniversary date of the lease, then the lease is automatically terminated (30 U.S.C. § 188). The assignment in the instant case was filed in the Land Office on September 24, 1959 and was approved on November 10, 1959, effective October 1, 1959. Subsequently, the Land Office discovered that the lease rentals for the first year of the extended lease, due on November 1, had not been paid. On November 19, the Office vacated its approval of the assignment and declared the assignment null and void. There was no appeal from this decision; in fact, neither of the parties to the assignment are involved in the present action. Two offers to lease were filed. Mrs. Graham filed her offer on November 2, 1959. Plaintiff Mr. McGarry filed his offer on November 20, 1959. Section 17 of the Mineral Leasing Act requires the Secretary of the Interior to issue a lease

to the first qualified applicant therefor, if a lease is to be issued. The central and controlling issue for this Court to decide is, simply, the validity of the Secretary's finding that Mrs. Graham was the first qualified applicant.

On this appeal, Mr. McGarry contends that the land in question was covered by subsisting oil and gas leases at the time when Mrs. Graham filed her offer and that her offer was invalid. In finding for Mrs. Graham, the Secretary expressly rejected this contention. He said:

"At the time when Mrs. Graham filed her offer there was simply pending a partial assignment of a lease which, in the absence of approval of the assignment, would have expired on *October 31, 1959*. In Clem Daneau, A–28309 (June 14, 1960), the Department held that the mere pendency of a partial assignment at the expiration of the fixed term of the lease does not segregate the land from filing and that the land becomes available for filing after expiration of the lease. That decision applies here." (Emphasis supplied.)

The Secretary continues:

"Despite McGarry's contentions, the fact is that there were no subsisting leases in existence when the Graham offer was filed. It is true that upon subsequent approval of the assignment the effective date would have related back to October 1, 1959, and the segregated leases would have been extended for two years from that date. But it cannot be said that before the assignment was approved it was effective to create leases which were outstanding on November 2, 1959.

"It is also true that upon approval of the assignment the normal procedure would have been to reject Mrs. Graham's offer. However, the rejection of the offer would have been for the reason that the land had been, in effect, leased to a prior applicant, not for the reason that the land was unavailable for filing when Mrs. Graham filed her offer.

"In this case, before any action was taken on the Graham offer following approval of the assignment on November 10, 1959, the land office vacated its decision on November 19 and declared the assignment null and void. There being no appeal from the decision of November 19, the effect of the decision was to wipe out the action taken on November 10. Thus the situation was as though the first and only action taken on the assignment was to disapprove it on November 19. This removed any obstacle to considering on its merits the Graham offer."

■■ The plaintiff alleges, specifically, that the Secretary acted contrary to three statutory or regulatory requirements. The first provision which the Secretary allegedly violated is Title 30 U.S.C. § 187a, which states that "The Secretary shall disapprove the assignment or sublease only for lack of qualifications of the assignee or subleasee for lack of sufficient bond." In passing, it might be well to first note that Section 188 of Title 30 U.S.C. states that if the annual rental payment is not paid by the assignee before the anniversary date of the lease, then the lease is automatically terminated. Even though this latter provision seems to give complete sanction to the Secretary's findings, the Court does not even need to reach such a conclusion. The assignment was made by the American Petrofina Company of Texas to E. Sidney Hughes. Neither the assignor nor the assignee appealed the ruling of the Land Office, which declared the assignment to be void, and neither are parties to the present action. As to Mr. McGarry, the determination by the Land Office that the assignment was void is controlling, and he has no standing to raise the issue before this Court.

The second allegation that the Secretary acted contrary to statutory or regu-

latory requirements, involves 43 C.F.R. 192.141(3) (f), which states that "Unless the lease account is in good standing as to the area covered by the assignment when the assignment and bonds are filed, or is placed in good standing before the assignment is reached for action the lease will be cancelled as provided in paragraph 192.161." This objection is subject to the same defect that the first one (supra) is; while the lease account was in good standing at the time the assignment in question was filed, this does not change the fact that no rental was paid and the assignment was subsequently voided.

The final objection by the plaintiff attacks the fact that the Secretary stated that the rental due date was November 1, 1959, when, in fact, this date was a Sunday and under 30 U.S.C. § 188 and 43 C.F.R. 192.171, when the due date is a Sunday, payment will be allowed on the next business day. This argument, the Court feels, misses the entire point of the Secretary's holding and the Clem Daneau case upon which it is based. These decisions clearly hold that the original lease expired on its own terms on October 31, 1959, since there was no valid assignment extending it. The assignment was void. The fact that the rental could have been paid on November 2 makes no difference at all in light of the fact that it was not paid. As the assignment was void and the lease itself expired on October 31, the Secretary's holding appears entirely in accord with sound reason.

As to the effect of a partial assignment, the holding of the Clem Daneau case is especially relevant where it states as follows:

"The appellant argues that the Department should construe the filing of a partial assignment under the pertinent regulation, 43 CRF 192.-144(b), as having the same segregative effect as the filing of an application for a single extension of a lease in its primary term, since, he contends, a partial assignment of a lease is in effect an application for a 2-year extension of the assigned part of the lease.

"As previously stated, the general rule was that land * * * became available for further leasing immediately upon the expiration of its primary or extended term in the absence of a regulation of the Department providing otherwise. Therefore, had the appellant, or some other person, filed an oil and gas lease offer for the land * * * on October 1, 1958 [November 1, 1959 would be the parallel date in the present case], there would have been no valid reason for rejecting the offer. * * The only action which could have been taken would have been to accept the application and suspend action upon it until final action was taken on the application for a partial assignment of [the original lease]."

The Secretary's interpretation of the regulation, even if it were in question in this case, would be "of controlling weight unless it is plainly erroneous or inconsistent with the regulation." Wright v. Paine, 110 U.S.App.D.C. 100, 289 F.2d 766, 768 (1961); Bowles v. Seminole Rock & Sand Co., (1945) 325 U.S. 410, 414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700. Title 5 U.S.C. § 1009, in discussing the scope of review, states that the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law; (5) unsupported by substantial evidence * * *, or (6) unwarranted by the facts * * *."

In the recent case of Safarik v. Udall, 1962, 113 U.S.App.D.C. 68, 304 F.2d 944, at page 950, the Court said:

"It is obvious that the Secretary of the Interior, in carrying out his functions in the administration and

318

management of the public lands, must be accorded a wide area of discretion and it is a well-recognized rule that administrative action taken by him will not be disturbed by a court unless it is clearly wrong (citing McKenna v. Seaton, 104 U.S. App.D.C. 50, 259 F.2d 780, 784, c. d. 358 U.S. 835, 79 S.Ct. 57, 3 L.Ed.2d 71)."

The Court grants the defendant's motion for summary judgment, and, of course, denies the plaintiff's motion for summary judgment.